CHRISTIAN L. MOORE, ESQ.
Nevada State Bar No. 3777
clm@lge.net
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Third Floor
Reno, NV  89519
Telephone: (775) 786-6868
Facsimile: (775) 786-9716

Attorneys for Plaintiff,
HCR HEALTHCARE, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HCR HEALTHCARE, LLC, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 11-CV-01024 |
| | ) |
| v. | ) Judge James C. Mahan |
| | ) Magistrate Judge Peggy A. Leen |
| MANOR HEALTH CARE CENTER, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT JUDGMENT

Plaintiff HCR Healthcare, LLC ("HCR") and Defendant Manor Health Care Center, Inc. ("Defendant") hereby consent to entry of judgment as follows:

1. This court has jurisdiction over the parties and the subject matter pursuant to 15 U.S.C. §§ 1114(a), 1121, 1125(a) and 1125(c) and 28 U.S.C. § 1331 and § 1338.

///

///

2. Venue is proper based on 28 U.S.C. §§ 1391 (b) and (c) in that the claims arose in this district and Defendant is doing business in this judicial district.

3. HCR, through its predecessors and affiliates, has been engaged in the business of providing health care services in the United States under its family of MANOR CARE marks since the 1960s. Specifically,

4. HCR is the owner of United States Service Mark Registration No. 914,464 for the mark "MANOR CARE" in connection with the provision of nursing home services. HCR's date of first use as set forth in its registration was December 4, 1968, and its first use in interstate commerce was January 5, 1969. HCR's U.S. Registration No. 914,464 for MANOR CARE is incontestable pursuant to 15 U.S.C. § 1065. This registration is valid and subsisting, uncancelled, and unrevoked.

5. HCR is also the owner of United States Service Mark Registration No. 2,141,949 for the mark "MANORCARE HEALTH SERVICES" in connection with the provision of pharmaceutical, nursing and medical laboratory services. HCR's date of first use as set forth in its registration was at least as early as January 1, 1996, and its first use in interstate commerce was at least as early as January 1, 1996. HCR's U.S. Registration No. 2,141,949 for MANORCARE HEALTH SERVICES is incontestable pursuant to 15 U.S.C. § 1065. This registration is valid and subsisting, uncancelled, and unrevoked.

6. HCR is also the owner of United States Service Mark Registration No. 2,144,065 for the mark "MANORCARE HEALTH SERVICES" in connection with the provision of pharmaceutical, nursing, medical and medical laboratory services. HCR's date of first use as set forth in its registration was at least as early as January 1, 1996, and its first use in interstate commerce was at least as early as January 1, 1996. HCR's U.S. Registration No. 2,144,065 for MANORCARE HEALTH SERVICES is incontestable pursuant to 15 U.S.C. § 1065. This registration is valid and subsisting, uncancelled, and unrevoked.

///

7.     HCR is also the owner of United States Service Mark Registration No. 2,145,785 for the mark "MANORCARE HEALTH SERVICES" in connection with the provision of pharmaceutical, nursing and medical laboratory services. HCR's date of first use as set forth in its registration was at least as early as January 1, 1996, and its first use in interstate commerce was at least as early as January 1, 1996. HCR's U.S. Registration No. 2,145,785 for MANORCARE HEALTH SERVICES is incontestable pursuant to 15 U.S.C. § 1065. This registration is valid and subsisting, uncancelled, and unrevoked.

8.     HCR is the owner of United States Service Mark Registration No. 2,894,246 for the mark "HCR MANORCARE CIRCLE OF CARE" in connection with the provision of physical and occupational rehabilitation, transitional health care, home health and hospice care, nursing home care, and educational services, namely, conducting classes, seminars, and workshops for health care workers in the field of health care training. HCR's date of first use as set forth in its registration was not later than April 30, 1999 and its first use in interstate commerce was not later than April 30, 1999. HCR's U.S. Registration No. 2,894,246 for HCR MANORCARE CIRCLE OF CARE is incontestable pursuant to 15 U.S.C. § 1065. This registration is valid and subsisting, uncancelled, and unrevoked.

9.     HCR is the owner of United States Service Mark Registration No. 3,110,896 for the mark "HCR MANOR CARE" in connection with the provision of physical and occupational rehabilitation, transitional health care, nursing home care, home health and hospice care, and educational services, namely, conducting classes, seminars, and workshops for health care training. HCR's date of first use as set forth in its registration was not later than December 3, 1998 and its first use in interstate commerce was not later than December 3, 1998.

10.    HCR is the owner of United States Service Mark Registration No. 3,243,245 for the mark "MANOR CARE" in connection with the provision of physical and occupational rehabilitation, transitional health care, nursing home care, home

health and hospice care, and educational services, namely, conducting classes, seminars, and workshops for health care training. HCR's date of first use as set forth in its registration was not later than January 4, 1969 and its first use in interstate commerce was not later than January 4, 1969.

11. HCR is the owner of United States Service Mark Registration No. 3,603,831 for the mark "HCR MANORCARE" in connection with the provision of health care, physical, speech and occupational rehabilitation therapy; health care services, namely Alzheimer's care, assisted living health care, transitional health care, skilled nursing home care, home health care and hospice care. HCR's date of first use as set forth in its registration was not later than June 30, 2008 and its first use in interstate commerce was not later than June 30, 2008.

12. HCR is the owner of United States Service Mark Registration No. 3,603,832 for the mark "MANORCARE" in connection with the provision of health care, physical, speech and occupational rehabilitation therapy; health care services, namely Alzheimer's care, assisted living health care, transitional health care, skilled nursing home care, home health care and hospice care. HCR's date of first use as set forth in its registration was not later than June 30, 2008 and its first use in interstate commerce was not later than June 30, 2008.

13. Defendant has used and continues to use of the MANOR HEALTH CARE name in connection with its promotion, marketing and delivery of health care and related services in direct infringement of HCR's virtually identical MANOR CARE mark, and its federal registrations therefor.

14. HCR filed suit in the United States District Court for the District of Nevada, designated as Case No.: 11-cv-01024, alleging infringement of HCR's trademark rights by Defendant and seeking, *inter alia*, an order enjoining Defendant's further use of the MANOR HEALTH CARE name, and/or any confusingly similar name or variation thereof.

///

15. Defendant has agreed to cease all use of the MANOR CARE mark, and its use of the MANOR HEALTH CARE name, and consents to entry of judgment as follows:

16. Defendant shall not use the MANOR CARE mark or the MANOR HEALTH CARE name, in any form or in any manner, including in its corporate name, after September 30, 2011. Any use by Defendant of the MANOR HEALTH CARE name between now and September 30, 2011 shall be limited solely to uses necessary for the process of changing Defendant's name to Royal Springs Healthcare and Rehab.

17. Defendant shall immediately cease all advertising under the MANOR CARE mark and the MANOR HEALTH CARE name. Defendant agrees that it will not sell, offer to sell, distribute, display, advertise, promote, or otherwise deal directly or indirectly in any services relating in any way to health care under the MANOR CARE mark or the MANOR HEALTH CARE name, and/or any confusingly similar name or variation thereof, and further agrees to refrain from inducing or enabling others to sell or pass off any such services under the MANOR CARE mark or the MANOR HEALTH CARE name.

18. Defendant agrees to immediately take steps necessary to refrain from using the MANOR CARE mark or the MANOR HEALTH CARE name, and/or any confusingly similar name or variation thereof, in any telephone listing. For printed phone listings already in circulation as of January 1, 2011, Defendant shall ensure that no future editions of such printed telephone directories include any listing for Defendant using the MANOR CARE mark or the MANOR HEALTH CARE name, and/or any confusingly similar name or variations thereof.

19. Defendant shall immediately alter all of their promotional literature, labels, packaging, advertisements, letterhead, stationary, business cards and all other printed materials and all means for publication and distribution thereof, to remove the words MANOR CARE and MANOR HEALTH CARE. Defendant shall not use any printed materials bearing the MANOR CARE mark or the MANOR HEALTH CARE name, and/or any confusingly similar name or variation thereof, after September 30, 2011.

20. Defendant shall remove all existing signs, advertisements, uniforms, and all other indicia or identity bearing the MANOR CARE mark or the MANOR HEALTH CARE name, and/or any confusingly similar name or variation thereof, by September 30, 2011.

21. Defendant shall take immediate steps to deactivate all websites using domain names containing the MANOR CARE mark by September 30, 2011. Those domain names include, but are not limited to, www.manorhcc.com.

22. Defendant shall refrain from taking any action or using any words, names, styles, titles, logos, domain names, or marks, which are likely to cause confusion, or mistake, or to deceive, or to otherwise mislead the health care industry, or the public, into believing that HCR and Defendant are or were in some way connected, affiliated, or associated with one another, or that HCR sponsors, supervises, or controls the services Defendant offers; or that services Defendant offers originate with HCR or are offered with the approval, consent, authorization, or under the supervision of HCR.

23. Defendant agrees that any breach of its obligations under this Consent Judgment would cause HCR irreparable harm. Upon any breach or threatened breach by Defendant, after written notice and opportunity to cure on not less than ten days notice, HCR shall be entitled to immediate injunctive relief, without bond, restraining Defendant from committing or continuing to commit such breach. This right to an injunction shall not prohibit HCR from seeking any additional remedies available to it for such breach or threatened breach, including the recovery of damages, costs, and fees.

///
///
///
///
///

24. The Court retains jurisdiction to enforce the terms of this Judgment.

IT IS SO ORDERED this 27th day of September, 2011.

*James C. Mahan*
United States District Judge

The parties hereby agree to the entry of the foregoing judgment.

*Manor Health Care Center, Inc.*                    *HCR Healthcare, LLC*

By: _____             By: _____
Jeoung Hie Lee, President                                David K. Nees, Assistant Secretary

APPROVED AS TO FORM AND CONTENT:

_____                     _____
J. DOUGLAS DRIGGS, JR., ESQ.                     CHRISTIAN L. MOORE, ESQ.
Nevada State Bar No. 3938                             Nevada State Bar No. 3777
ddriggs@nevadafirm.com                               clm@lge.net
SANTORO, DRIGGS, WALCH,                          LEMONS, GRUNDY & EISENBERG
KEARNEY, HOLLEY & THOMPSON              6005 Plumas Street, Third Floor
400 Fourth Street, 3rd Floor                              Reno, NV 89519
Las Vegas, NV 89101                                       Telephone: (775) 786-6868
Telephone: (702) 791-0308                             Facsimile: (775) 786-9716
Facsimile: (702) 791-1912

Attorneys for Defendant                                  Attorneys for Plaintiff,
MANOR HEALTH CARE CENTER, INC.         HCR HEALTHCARE, LLC